```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


CARL PACE,                         )
                                   )
          Plaintiff                )
                                   )
     v.                            )    Case No. 2:05 cv 69
                                   )
INTERNATIONAL MILL SERVICE,        )
INC.,                              )
                                   )
          Defendant                )
```

OPINION AND ORDER

This matter is before the court on the Third Motion to Compel Discovery and For Costs Incurred by Defendant's Violation of F.R.C.P. 34 filed by the plaintiff, Carl Pace, on February 20, 2007. For the reasons set forth below, this motion is **DENIED**.

Background

The claims in this matter arise from Carl Pace's employment as a welder with International Mill Service ("IMS"). Pace has alleged that, included in the conduct that forms the basis for his claim, IMS regularly assigned him to the least desirable work at IMS based upon his race.

Pace sought discovery of work orders produced during his employment as a means of proving this disproportionate share of work assignments. IMS initially provided this information electronically, in portable document format ("PDF"). A consultant hired on behalf of Pace informed Pace's attorney that PDF files "can only be rudimentarily searched." (Pl. Motion to Compel, ¶ 5) Through on-going attempts to resolve the production of this

information, IMS provided a DVD that contained "Microsoft Office Excel comma separated value files," rather than PDF files.  (Pl. Motion to Compel, ¶ 8) However, Pace contends that data for the years 1994 - 2000 was missing. Pace further complained that the data provided on this DVD was missing field descriptions and was provided in comma-separated, rather than the requested text-delineated format. The lack of field descriptions was corrected by IMS in August, 2006.

IMS provided a second DVD, this time in text-delineated format, that included the relevant work orders from the years 1994 - 2000. However, Pace contends that "critical data elements" were missing from these files, including "539,008 employee names."  (Pl. Motion to Compel, ¶ 12) The consultant's notes indicate that the second DVD included 128 fields across 58,615 records in one "header file" and 10 fields in a second detail file. (Pl. Motion to Compel, Exh. F) The exhibits further appear to state that Pace's analysis encompassed a total of 136,179 work orders, from which these 539,008 were missing. Pace alleges that due to these shortcomings, the response fails to meet the standards required by Federal Rule of Civil Procedure 34.

In his motion, Pace seeks to compel production of the records from 1994 through 2000 in a manner that complies with Federal Rule of Civil Procedure 34 and an award of costs in the amount of $15,320 representing the additional expenses incurred analyzing this data due to its failure to meet the standards of Rule 34.

Discussion

Federal Rule of Civil Procedure 34 provides:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the respondent into reasonably usable form.[1]

In addition, the "party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."  Rule 34(b).

These standards are applied with increasing frequency by courts in the context of discovery of electronic files. Regarding electronic files, the rule's requirement that information must be provided in a reasonably usable form does not mean that it must be provided "in the format in which the responding party stores it." *See e.g.* **Northern Crossarm Company, Inc. v. Chemical Specialities, Inc**., 2004 WL 635606 (W.D. Wis. 2004). This conclusion implicitly is carried into the rule's recent amendments, which state that a responding party "need not produce the same electronically stored information in more than one form." Rule

---

[1] The rule was amended, effective December 1, 2006, with the addition of significant provisions addressing discovery of electronic files. However, the conduct at issue in Pace's motion occurred prior to this amendment. Accordingly, the court addresses the motion in terms of the rule's prior version.

3

34(b)(ii). Further, the rule also does not require production of documents only as used in the usual course of business but provides the alternative of organizing and labeling files responsive to the request. *Hagemeyer North America, Inc. v. Gateway Data Sciences Corporation*, 222 F.R.D. 594, 598 (E.D. Wis. 2004).

As a result, the conformity of a responding party's production of electronic files to the rule must be gauged on a case-by-case basis, according to the specific terms of the request. In *Williams v. Sprint/United Management*, 230 F.R.D. 640, 651 (D. Kan. 2005), the court, quoting with approval comments made by The Sedona Conference, a consortium of judges, attorneys and technologists studying electronic document production, illustrated this conclusion:

> A party demands that responsive documents, "whether in hard copy or electronic format," be produced. The producing party objects to producing the documents in electronic format and states that production will be made through PDF or TIF images on CD-ROMs . . . . Absent a special request for metadata (or any reasonable basis to conclude the metadata was relevant to the claims and defenses in the litigation), and a prior order of the court based on a showing of need, this production of documents complies with the ordinary meaning of Rule 34.

*Williams,* 230 F.R.D. at 651

See also *Northern Crossarm Company, Inc*, 2004 WL 635606 at *2 ("First, plaintiff did not specifically request production of the e-mail in electronic format, it simply asked for production of documents, adopting the definition in Rule 34(a). This certainly entitled plaintiff to disclosure of the information stored

4

electronically, but it did not require production in electronic format.").

Pace's assumption that Rule 34 can be read to provide a general standard for electronic documents, without reference to his specific request, is incorrect. Whether IMS's response, in first providing PDF files and then providing files in other formats which Pace argues entailed greater efforts to analyze, violated Rule 34 depends entirely on Pace's specific request. If Pace merely requested the work orders, or documents that otherwise described the assignment of jobs at IMS, there was no corresponding obligation to produce these documents in any specific format, electronic or otherwise, provided they were reasonably usable. Further, though it appears certain that IMS did not maintain these files as PDF files in the usual course of business, Pace has not demonstrated that IMS failed to "organize and label" its production to correspond to his request.  Because Pace has not shown that he made a request that called for any specific format, the court cannot conclude that IMS met that request in a reasonably unusable manner.

_____

For the foregoing reasons, the Third Motion to Compel Discovery and For Costs Incurred by Defendant's Violation of F.R.C.P. 34 filed by the plaintiff, Carl Pace, on February 20, 2007, is **DENIED**.

ENTERED this 7th day of May, 2007

                                                          s/ ANDREW P. RODOVICH
                                                             United States Magistrate Judge